```
                                                    FILED
                                              U.S. DISTRICT COURT
                                             DISTRICT OF WYOMING

                                              2012 MAR 21  PM 2 19

                                              STEPHAN HARRIS, CLERK
                                                    CHEYENNE
```

Jason M. Tangeman, WSB No. 6-3128
Mitchell H. Edwards, WSB No. 6-3880
Nicholas & Tangeman, LLC
170 North Fifth Street
PO Box 0928
Laramie, WY 82073-0928
(307) 742-7140
Fax: (307) 742-7160

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MICHAEL A. DURLACHER and DAVID L. DURLACHER Co-Personal Representatives of the Estate of LINDSEY C. DURLACHER,<br><br>Plaintiff,<br><br>vs.<br><br>ROCKY WAYNE HOFFSCHNEIDER and JOHN DOES 1-10<br><br>Defendants. | Civil Action No.<br><br>12CV059-J |

### COMPLAINT

Plaintiff, by and through their attorneys, Nicholas & Tangeman, LLC complain as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1367 since diversity exists between plaintiff, on the one hand, and the defendants, on the other hand, and in the amount in controversy is in excess of $75,000.00.

2. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391 as it is where the acts giving rise to the claim occurred.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. Co-Personal Representative Michael A. Durlacher is the brother of the deceased, Lindsey C. Durlacher. At the time of Lindsey's death Michael Durlacher was a resident of Vernon Hills, Illinois 60061.

2. Co-Personal Representative David L. Durlacher is the other brother of the deceased Lindsey Durlacher. At the time of Lindsey's death David Durlacher was a resident of Mundelein, Illinois.

3. On March 12th, 2012 the District Court for the Second Judicial District, County of Albany, State of Wyoming, Civil Action No. 32405, appointed Michael A. Durlacher and David L. Durlacher as co-personal representatives for the purpose of prosecuting wrongful death claims and for such other claims that may arise in the alternative on behalf of the beneficiaries of Lindsey C. Durlacher. (Exhibit A attached).

4. Plaintiff is of information and belief that at the time of the accident and death of Lindsey C. Durlacher, Defendant Rocky Wayne Hoffschneider was a resident of Denver, Colorado.

5. On February 12, 2011, Lindsey Durlacher was snowmobiling at Ryan Park near Wyoming Highway 130, four miles west of Lake Marie in Albany County, Wyoming.

6. At approximately 12:30 p.m., defendant Rocky Hoffschneider recklessly and/or negligently drove his snowmobile at a high rate of speed into the back end of the snowmobile being driven by Lindsey Durlacher who was sitting stationary on the snowmobile at the time defendant drove into him.

7. As a result of the impact from the high speed collision, Lindsey Durlacher's helmet came off and he was thrown up in the air off his snowmobile, landing on his head, neck and shoulders on the ground.

8. Lindsey Durlacher suffered serious injuries as a result of the collision.

9. On June 4, 2011 Lindsey Durlacher died as a result of the injuries sustained by him and as described above.

10. Dr. Amy Martin is the Chief Medical Examiner for the City and County of Denver.

11. On July 14, 2011 Dr. Martin executed and filed a Certificate of Death for Lindsey Durlacher a copy of which is attached and incorporated by reference. (Exhibit B).

12. Dr. Martin concluded that the manner of death was "accident" which occurred in an "outdoor area" in "Snowy Range/Albany/Wyoming." (Id.)

13. Dr. Martin described the injury as occurring while Lindsey was an "operator of snowmobile" who was "reportedly rear ended by another snowmobile." (Id.)

14. Dr. Martin concluded that "blunt trauma to the chest" was one of the "conditions which gave rise to immediate cause" of death. (Id.)

15. Dr. Martin further concluded that the cause of death was "accident." (Id.)

### FIRST CLAIM FOR RELIEF – WRONGFUL DEATH

16. Plaintiff incorporates by reference all preceding allegations of the Complaint.

17. This first claim for relief is brought pursuant to the provisions of the Wyoming Wrongful Death Act, W.S. §§ 1-38-101 and 1-38-102.

18. Defendant Hoffschneider owed plaintiff Durlacher a duty to operate his

snowmobile in a reasonably safe, and proper manner and with due care under the circumstances.

19. Defendant Hoffschneider owed plaintiff Durlacher a duty to operate his snowmobile in compliance with all state statues and laws.

20. Defendant Hoffschneider breached these duties by operating his snowmobile by recklessly and/or negligently driving his snowmobile at a high rate of speed into the back end of the snowmobile being driven by Lindsey Durlacher who was sitting stationary on his snowmobile at the time defendant drove into him.

21. As a result of defendant Hoffschneider's reckless and/or negligent actions plaintiff Lindsey Durlacher died.

22. The family and beneficiaries of the Estate of Lindsey Durlacher have suffered damages in an amount to be proven a trial.

### SECOND CLAIM FOR RELIEF ALLEGED IN THE ALTERNATIVE
### PERSONAL INJURY SURVIVAL ACTION

23. Plaintiff incorporates by reference all preceding allegations of the Complaint.

24. This second claim for relief alleged in the alternative is brought pursuant to the provisions of Wyoming's Abatement and Survival statutes, W.S. § 1-4-101, et seq.

25. Defendant Hoffschneider owed plaintiff Durlacher a duty to operate his snowmobile in a reasonably safe, and proper manner and with due care under the circumstances.

26. Defendant Hoffschneider owed plaintiff Durlacher a duty to operate his snowmobile in compliance with all state statues and laws.

27. Defendant Hoffschneider breached these duties by operating his snowmobile by

recklessly and/or negligently driving his snowmobile at a high rate of speed into the back end of the snowmobile being driven by Lindsey Durlacher who was sitting stationary on his snowmobile at the time defendant drove into him.

28. As a result of defendant Hoffschneider's reckless and/or negligent actions plaintiff Lindsey Durlacher suffered serious bodily injuries.

WHEREFORE Plaintiff demands the following relief, to be entered against all defendant(s):

a. Wrongful Death

   i. Judgment against defendant(s) for their compensatory damages, including their general and special damages of all persons entitled to recover in amounts to be proven at trial;

   ii. Judgment against all defendant(s) for exemplary or punitive damages in fair and reasonable amounts, based upon those Defendants' net worth and in amounts to be proven a trial;

   iii. Judgment against all defendant(s) for Plaintiffs' costs and attorneys' fees in an amount to be proven at trial;

   iv. interest on all liquidated damages at the statutory rate of eight percent (8%) per annum from the date of loss;

   v. interest at the statutory rate of eight percent (8%) per annum on any sums awarded by judgment herein, and;

   vi. Such other and further relief as the Court deems just and equitable.

b. Personal Injury (In the alternative)

   i. General and special damages including, but not limited to, medical expenses;

   ii. loss of income;

   iii. pain and suffering;

   iv. loss of enjoyment of life;

v. emotional and mental injury;

vi. physical impairment;

vii. exemplary or punitive damages in fair and reasonable amounts, based upon those Defendants' net worth and in amounts to be proven a trial;

viii. all allowable costs, expenses and attorneys fees incurred in the prosecution of this action;

ix. interest on all liquidated damages at the statutory rate of eight percent (8%) per annum from the date of loss;

x. interest at the statutory rate of eight percent (8%) per annum on any sums awarded by judgment herein;

xi. all other compensable costs and injuries proved at trial in such sum as is deemed appropriate by a jury; and

xii. such other and further relief as the Court deems just and equitable.

DATED this 21st day of March, 2012.

Estate of Lindsey C. Durlacher

*[signature]*

Jason M. Tangeman, WSB No. 6-3082
Philip A. Nicholas, WSB No. 5-1785
Stacy L. Rostad, WSB No. 6-3592
Mitchell H. Edwards, WSB No. 6-3880
Nicholas & Tangeman, LLC
170 North Fifth Street
PO Box 0928
Laramie, WY 82073-0928
(307) 742-7140
Fax: (307) 742-7160
Attorneys for the Plaintiff

```
STATE OF WYOMING      )            IN THE DISTRICT COURT
                      ) ss.        SECOND JUDICIAL DISTRICT
COUNTY OF ALBANY      )            Civil Action No. 2012-32405
```

MICHAEL DURLACHER and DAVID DURLACHER, )
Co-Personal Representatives of the Estate of )
LINDSEY C. DURLACHER, )
)
        Plaintiff, )
vs. )
)
)
ROCKY WAYNE HOFFSCHNEIDER )
and JOHN DOES 1-10 )
)
Defendants. )

FILED IN DISTRICT COURT
MAR 1 2 2012
LARAMIE WYOMING
CLERK OF DISTRICT COURT

### ORDER APPOINTING CO-PERSONAL REPRESENTATIVES OF THE WRONGFUL DEATH CLAIMS OF LINDSEY C. DURLACHER

THIS MATTER, having come before the Court upon Verified Petition to Appoint Michael A. Durlacher and David L. Durlacher as Co-Personal Representatives of the Wrongful Death Claims of Lindsey C. Durlacher and the Court having reviewed the Petition and being duly advised in the premise,

THE COURT HEREBY FINDS AS FOLLOWS:

1. On June 4, 2011 Lindsey C. Durlacher died as a result of the injuries sustained by him and as described above.
2. At the time of the accident and his death Lindsey Durlacher was a resident of Denver, Colorado.
3. At the time of the accident and the death of Lindsey Durlacher defendant Rocky Wayne Hoffschneider was a resident of Denver, Colorado.
4. At the time of his death Lindsey Durlacher was unmarried and left no surviving children or descendants.
5. Due search and inquiry have been made to ascertain if Lindsey Durlacher left any Last Will and Testament, but none has been found, and according to the best knowledge, information and belief of Petitioners, Lindsey Durlacher died intestate.
6. To the best of knowledge of Petitioners the next of kin of Lindsey and heirs at law are:

| Name | Age | Address |
|---|---|---|
| Richard Durlacher (father) | 77 | 8841 Ewing Skokie IL |
| Barbara Durlacher (mother) | 70 | 2926 Windsor, Arl. Hts IL |
| Michael Durlacher (brother) | 41 | 2 White Barn, Vernon Hills IL |
| David Durlacher (brother) | 43 | 586 Yardley Trail, Mundelien IL |

7. *In Re Estate of Johnson*, 231 P.2d 873, 879-881 *In Re Estate of Johnson*, 231 P.2d 873 (Wyo. 2010) the Wyoming Supreme Court held:

> The appointment of a personal representative is a discretionary act, which discretion should be informed by a review of the purposes of the statute, and by a review of the qualifications of the petitioner in relation to those purposes. In particular, because the personal representative will act as a


EXHIBIT A

trustee on behalf of the beneficiaries, inquiry should be made into the relationship of the petitioner to the beneficiaries.

\* \* \*

Even though it is not controlling, one of the factors the district court should consider, particularly if the proposed appointment is contested, is the priority list contained in Wyo. Stat. Ann. § 2-4-201(a). That statutory list reflects legislative policy as to the order of significant human relationships, and as such, it is a useful tool in considering suitability to act as personal representative. Because the filing of a wrongful death action presupposes that the personal representative intends to pursue a civil action against the alleged wrongdoer, the district court should also consider the petitioner's financial and physical ability to do so, his or her geographic location, his or her intentions in regard to legal representation, and his or her stake in the outcome. Given the potential in a wrongful death action that a multitude of claimants may be coupled with a limited damages recovery, the issue of family harmony or disharmony may likewise be important in the selection of a personal representative.

*In re Estate of Johnson*, 2010 WY 63, 231 P.3d 873, 879-881 (citations omitted) (Wyo. 2010)

8. Co-Petitioner Michael Durlacher is the brother of Lindsey Durlacher. He is an attorney with offices in Chicago, Illinois and Elgin Illinois.

9. At the time of Lindsey Durlacher's s accident and death he was a resident of Vernon Hills, Illinois, 60061.

10. Michael Durlacher and his brother Lindsey remained close throughout their lives.

11. Co-Petitioner David Durlacher is also the brother of Lindsey Durlacher. He is a sales representatives and high school and youth wrestling coach.

12. At the time of Lindsey Durlacher's accident and death David Durlacher was a resident of Mundelein, Illinois

13. David Durlacher and Lindsey Durlacher remained close throughout their lives.

14. Richard and Barbara Durlacher, parents of Lindsey Durlacher, have asked that their two remaining sons David and Michael to act as co-personal representatives on behalf of the family. Richard and Barbara are also residents of Illinois.

15. Michael and David Durlacher are in the best financial and physical condition and geographic position to prosecute wrongful death claims on behalf of beneficiaries of the wrongful death estate of Lindsey Durlacher.

WHEREFORE, IT IS HEREBY ORDERED that Michael A. Durlacher and David L. Durlacher are appointed as co-personal representatives for the purposes of prosecuting wrongful death claims on behalf of the beneficiaries of Lindsey C. Durlacher and any other claims that may arise in the alternative.

DATED this 12th day of March, 2012.

BY THE COURT:

Jeffrey A. Donnell

Certified Copies (2) to:  Nicholas & Tangeman, LLC
P.O. Box 928
Laramie, WY 82073

COPIES ____
AS INDICATED:
DATE: 3/12/12
CLERK: ___

CERTIFIED TO BE A FULL TRUE, AND CORRECT COPY

JANICE SEXTON
Clerk of District Court

Deputy

07/19/2011 15:45 FAX                                                                    ☐001

# STATE OF COLORADO
## COLORADO DEPARTMENT OF PUBLIC HEALTH AND ENVIRONMENT
HOLD TO LIGHT TO VIEW WATERMARK

**CERTIFICATE OF DEATH**

STATE FILE NUMBER

2065   Amended

| Field | Value |
|---|---|
| 1. Decedent's Name | Lindsey Durlacher |
| 2. Sex | Male |
| 3. Date of Death | June 4, 2011 |
| 4. Social Security | 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 |
| 5a. Age | 36 |
| 6. Date of Birth | September 14, 1974 |
| 7. Birthplace | Evanston, IL |
| 8a. Facility Name | 2301 Cleveland Place, #202 |
| 8b. City of Death | Denver |
| 8c. County of Death | Denver |
| 10a. Usual Occupation | Athlete |
| 10b. Kind of Business/Industry | Wrestling |
| 11. Marital Status | Never Married |
| 12a. Residence – State | IL |
| 12b. County | Cook |
| 12c. City | Arlington Heights |
| 12d. Street and Number | 2926 N. Windsor Dr. |
| 13. Zip Code | 60004 |
| 15. Race | White |
| 16. Education | 16 |
| 17. Father's Name | Richard Durlacher |
| 18. Mother's Name | Barbara Desmond |
| 19. Informant | Barbara Brodsky, Mother |
| 20a. Method of Disposition | Removed from State |
| 20b. Place of Disposition | Shalom Memorial Park |
| 20c. Location | Arlington Heights, IL |

Feldman Mortuary, Inc.
1673 York Street
Denver, CO   zip 80206

Date Filed: JUL 14 2011

Time of Death: 9:29 AM   June 4, 2011

Coroner: Denver County, CO

Date Signed: July 12, 2011

Amy Martin, M.D., Chief Medical Examiner, Denver Coroner, 660 Bannock Street, Denver, Colorado   80204

| 32. Manner of Death | Accident |
| 33a. Date of Injury | 1/31 or 2/1/2011 |
| 33b. Time | Unknown |
| 33d. Describe How Injury Occurred | Operator of snowmobile reportedly rear ended by another snowmobile |
| 33e. Place of Injury | Outdoor Area |
| 33f. Location | Snowy Range / Albany / Wyoming |

**PART I – Immediate Cause:** ACUTE BRONCHOPNEUMONIA — UNKNOWN

Due to: POST-OPERATIVE STATUS: INTERNAL FIXATION OF STERNAL FRACTURE — 3 DAYS

Due to: BLUNT TRAUMA TO CHEST — 4 MONTHS

**PART II – Other Significant Conditions:** Puncture of pericardial sac with focal pericarditis and small hemopericardium or bloody effusion.

Autopsy: Yes   Findings used: Yes

DATE ISSUED: JUL 14 2011

Ronald S. Hyman
RONALD S. HYMAN
STATE REGISTRAR

THIS IS A TRUE CERTIFICATION OF NAME AND FACTS AS RECORDED IN THIS OFFICE. Do not accept unless prepared on security paper with engraved border displaying the Colorado state seal and signature of the Registrar. PENALTY BY LAW, Section 25-2-118, Colorado Revised Statutes, 1982. If a person alters, uses, attempts to use or furnishes to another for deceptive use any vital statistics record. NOT VALID IF PHOTOCOPIED.

005206850

REV 01/07

**EXHIBIT B**

DURLACHER 1143