Brett M. Godfrey
GODFREY & LAPUYADE, P.C.
9447 S. Kingston Court
Englewood, CO 80112
Telephone:	(303) 228-0700
Facsimile:	(303) 228-0701
godfrey@godlap.com
*Attorneys for*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

Civil Action No. 12CV059-J

---

**MICHAEL A. DURLACHER, and
DAVID L. DURLACHER, Co-Personal Representatives
of the Estate of LINDSEY C. DURLACHER,**

    Plaintiffs,

v.

**ROCKY WAYNE HOFFSCHNEIDER and
JOHN DOES 1-10,**

    Defendants.

---

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND**

---

Defendant Rocky Wayne Hoffschneider, by and through counsel, GODFREY & LAPUYADE, P.C., hereby submits his Answer, Affirmative Defenses and Jury Demand as follows:

### I. ANSWER

JURISDICTION AND VENUE

1.	Defendant admits the averments contained in ¶ 2 of Plaintiffs' Complaint.

2.	Defendant admits the averments contained in ¶ 2 of Plaintiffs' Complaint.

GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. Defendant admits the averments contained in ¶ 1 of Plaintiffs' Complaint.

2. Defendant admits the averments contained in ¶ 2 of Plaintiffs' Complaint.

3. Defendant admits the averments contained in ¶ 3 of Plaintiffs' Complaint.

4. Defendant admits the averments contained in ¶ 4 of Plaintiffs' Complaint.

5. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the averments contained in ¶ 5 of Plaintiffs' Complaint, and therefore denies the same.

6. Defendant denies the averments contained in ¶ 6 of Plaintiffs' Complaint.

7. Defendant admits the averments contained in ¶ 7 of Plaintiffs' Complaint.

8. Defendant admits the averments contained in ¶ 8 of Plaintiffs' Complaint.

9. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the averments contained in ¶ 9 of Plaintiffs' Complaint, and therefore denies the same.

10. Defendant admits the averments contained in ¶ 9 of Plaintiffs' Complaint.

11. Defendant admits the averments contained in ¶ 10 of Plaintiffs' Complaint.

12. The assertions of ¶ 12 of the Complaint contain references to a document which speaks for itself, and on this basis, no response is needed or appropriate. To the extent that the averments of ¶ 12 of the Complaint are intended to assert that it has been medically determined that the cause of the Decedent in the instant civil action was the

accident described in the Complaint or that said accident was the sole cause of the death of the Decedent, said averments are denied.

13. The assertions of ¶ 13 of the Complaint contain references to a document which speaks for itself, and on this basis, no response is needed or appropriate. To the extent that the averments of ¶ 13 of the Complaint are intended to assert that it has been medically determined that the cause of the Decedent in the instant civil action was the accident described in the Complaint or that said accident was the sole cause of the death of the Decedent, said averments are denied.

14. The assertions of ¶ 14 of the Complaint contain references to a document which speaks for itself, and on this basis, no response is needed or appropriate. To the extent that the averments of ¶ 14 of the Complaint are intended to assert that it has been medically determined that the cause of the Decedent in the instant civil action was the accident described in the Complaint or that said accident was the sole cause of the death of the Decedent, said averments are denied.

15. The assertions of ¶ 15 of the Complaint contain references to a document which speaks for itself, and on this basis, no response is needed or appropriate. To the extent that the averments of ¶ 15 of the Complaint are intended to assert that it has been medically determined that the cause of the Decedent in the instant civil action was the accident described in the Complaint or that said accident was the sole cause of the death of the Decedent, said averments are denied.

## FIRST CLAIM FOR RELIEF – WRONGFUL DEATH

16. Paragraph 16 of Plaintiffs' Complaint contains no substantive averments, and therefore no response is required to that paragraph of the Complaint.

17. Defendant admits the averments contained in ¶ 10 of Plaintiffs' Complaint.

18. In response to ¶ 18 of Plaintiffs' Complaint, Defendant admits that he owed Plaintiffs those duties required by law, but to the extent this paragraph of the Complaint asserts a formulation of those duties which is incomplete and may differ from the applicable jury instructions or standards applied by the Court, the same are denied.

19. In response to ¶ 19 of Plaintiffs' Complaint, Defendant admits that he owed Plaintiffs those duties required by law, but to the extent this paragraph of the Complaint asserts a formulation of those duties which is incomplete and may differ from the applicable jury instructions or standards applied by the Court, the same are denied.

20. Defendant denies the averments contained in ¶ 20 of Plaintiffs' Complaint.

21. Defendant denies the averments contained in ¶ 21 of Plaintiffs' Complaint.

22. Defendant denies the averments contained in ¶ 22 of Plaintiffs' Complaint.

## SECOND CLAIM FOR RELIEF ALLEGED IN THE ALTERNATIVE
## PERSONAL INJURY SURVIVAL ACTION

23. Paragraph 23 of Plaintiffs' Complaint contains no substantive averments, and therefore no response is required to that paragraph of the Complaint.

24. In response to ¶ 24 of Plaintiffs' Complaint, Defendant admits that he owed Plaintiffs those duties required by law, but to the extent this paragraph of the Complaint

asserts a formulation of those duties which is incomplete and may differ from the applicable jury instructions or standards applied by the Court, the same are denied.

25. In response to ¶ 25 of Plaintiffs' Complaint, Defendant admits that he owed Plaintiffs those duties required by law, but to the extent this paragraph of the Complaint asserts a formulation of those duties which is incomplete and may differ from the applicable jury instructions or standards applied by the Court, the same are denied.

26. In response to ¶ 26 of Plaintiffs' Complaint, Defendant admits that he owed Plaintiffs those duties required by law, but to the extent this paragraph of the Complaint asserts a formulation of those duties which is incomplete and may differ from the applicable jury instructions or standards applied by the Court, the same are denied.

27. Defendant denies the averments contained in ¶ 27 of Plaintiffs' Complaint.

28. Defendant denies the averments contained in ¶ 28 of Plaintiffs' Complaint.

## II. AFFIRMATIVE DEFENSES

1. Decedent's injuries, damages or losses, or those of the Estate derived therefrom, arose wholly or partially from the conduct of the Decedent or others over whom this Defendant had no control or right of control, and therefore give rise to a reduction of fault or the Defendant's entitlement to a judgment in his favor pursuant to W.S. § 1-1-109.

2. The damages recoverable, if any, may be subject to reduction for payment from collateral sources.

3. The Complaint may fail to name one or more necessary and indispensable parties to this action.

4. The damages recoverable, if any, are subject to all relevant statutory and case law limitations.

5. The Complaint may fail to state a claim upon which relief may be granted.

6. The action is barred by one or more of the affirmative defenses of accord and satisfaction, assumption of risk, contributory or comparative negligence, laches, license, sudden emergency, payment, release, waiver, statute of limitations, estoppel, statutory bar, failure to mitigate damages, and any other matter constituting an avoidance or affirmative defense.

7. Defendant reserves the right to assert additional affirmative defenses as the basis for such defenses are learned through discovery.

8. The medical expenses incurred by the Plaintiffs' were not reasonable, necessary, or related to the accident.

WHEREFORE, Defendant prays this Honorable Court to enter judgment in Defendant's favor and against Plaintiffs, and to award statutory interest, costs and attorney's fees and to grant such other and further relief as the Court may deem just and proper in the circumstances.

### III. Jury Demand

**DEFENDANT DEMANDS A TRIAL TO A JURY ON ALL MATTERS SO TRIABLE.**

Respectfully submitted this 7th day of May, 2012

Godfrey & Lapuyade, P.C.

/s Brett M. Godfrey
Brett M. Godfrey
9557 S. Kingston Court
Englewood, CO 80112
Phone:  (303) 228-0700
Fax:     (303) 228-0701
godfrey@godlap.com
*Attorney for*

### CERTIFICATE OF SERVICE

      I hereby certify that on this 7th day of May, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

GODFREY & LAPUYADE, P.C.

/s Brett M. Godfrey
Brett M. Godfrey
9557 S. Kingston Court
Englewood, CO 80112
Phone:  (303) 228-0700
Fax:     (303) 228-0701
godfrey@godlap.com
*Attorney for*